NEW ERA LIFE ASSOCIATION *v.* ZANGBELL.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE.
   Question not raised at any time in trial court and no evidence appearing in record thereon is not discussed on appeal.

2. INSURANCE—FRATERNAL BENEFICIARY ASSOCIATIONS—REMEDIES.
   Fraternal beneficiary associations may properly require their members or beneficiaries to exhaust their remedies within the association before resorting to the courts.

3. SAME—WAIVER.

Fraternal beneficiary association did not waive further procedure provided by by-laws for determination of members' claims where cabinet rejected beneficiary's claim and called attention to further steps he might take within the organization.

4. SAME—REMEDIES WITHIN ASSOCIATION—FRAUD—UNDUE OPPRESSION.

Failure of beneficiary under certificate of fraternal benefit association to exhaust remedies available within association for settlement of differences, as required by by-laws, precludes his resort to courts in case where no fraud or undue oppression on the part of the association or its officers is claimed.

5. APPEAL AND ERROR—FINAL DISPOSITION OF CASE—EQUITY.

Final disposition of equity case is made on appeal, where defendant's answer to bill to declare benefit certificate void and to restrain action at law thereon shows plaintiff has complete defense to said action and cross-bill prays affirmative relief on benefit certificate rather than dismissal of bill and remand of case to law side of court.

Appeal from Bay; Houghton (Samuel G.), J. Submitted January 17, 1934. (Docket No. 54, Calendar No. 37,512.) Decided April 3, 1934.

Bill by New Era Life Association against Frederick C. Zangbell to cancel a fraternal benefit certificate and restrain action at law. Cross-bill by defendant against plaintiff for money decree. Decree for defendant. Plaintiff appeals. Reversed, and decree ordered entered for plaintiff.

*Clark & Henry (Dale Souter,* of counsel), for plaintiff.

*Carl H. Smith,* for defendant.

BUTZEL, J. Plaintiff, New Era Life Association, a fraternal beneficiary society incorporated under the laws of this State, filed a bill to restrain the

prosecution of a suit at law by Frederick C. Zang-bell, defendant, for the collection of $1,000 claimed by him as beneficiary under a certificate issued by the association to Ida Zangbell, his wife; to have the reinstatement of said Ida Zangbell as a member of the association declared null and void, on the ground that it was obtained through fraudulent representations; and to cancel the certificate.

The certificate was issued to Ida Zangbell on March 6, 1911, upon her written application for membership. She agreed that the application together with the laws of the association then in force and "those that shall hereafter be legally enacted," should form the sole basis of her admission, and that all benefits should be conditional upon her payment of all lawful assessments within the month in which they became due, the regular assessments to require no notice. It was also stated on the face of the certificate itself that the latter was issued subject to all the conditions of the constitution and laws of the association, and would be liable to forfeiture if the member holding it failed to comply with said conditions, constitution and laws, "and such as may hereafter be legally enacted by this association;" that it was accepted upon the additional warranties, conditions and agreements printed on the back of the certificate, "which are part of the same," and among which was a guaranty by the beneficiary that all legal assessments should be paid within the month for which they were due. The certificate, however, was inclosed in an envelope which stated that, although the monthly assessments must be paid on or before the last day of each month without notice, if they were not paid within such month the association, instead of suspending the member, would add a 25-cent protection fee for one month, or a 50-cent

protection fee for two months, and would send him special notice. On February 1, 1929, the by-laws of the association were amended so as to provide that if a member did not pay his assessment on or before the last business day of the month in which it became due, his certificate should by that fact become null and void without action by the association; provided, that any member might be reinstated at any time within three years after such default, upon furnishing such evidence of insurability as would be satisfactory to and approved by the medical director.

Neither Zangbell nor his wife paid the assessment for the month of November, 1931, when it became due and, accordingly, under the by-laws as thus amended, the certificate was automatically forfeited. On December 5, 1931, Zangbell went to the office of the treasurer of plaintiff's local branch to pay the November assessment. He was informed that the policy had been forfeited for non-payment of dues, and that it would be necessary for the assured to make proper application for reinstatement if she wished to continue her membership. Defendant then informed the treasurer of the local branch board that the assured was in Canada and that he had not been living with her for a considerable period of time. The testimony is uncontroverted that defendant positively stated that the assured was in good health; that the treasurer read to him an application for reinstatement, warranting that the assured had had no illness, operation or physical impairment of any kind during the preceding three years, and that defendant signed thereto the name of his wife, as well as his own; that this application, together with the sum of $3.70 to cover the assessments for November and December, 1931, were thereupon for-

warded to the home office of the company, where it was approved by plaintiff's medical director on December 8, 1931, and accepted by the company.

Mrs. Zangbell died in Calgary, Canada, three months later. The proofs of death forwarded to the company by defendant showed that the assured had been ill for two and one-half years, from a glioma tumor of the brain, accompanied by severe headaches, eye trouble and partial paralysis; that she had been under the care of a physician since January, 1930; and that she had been confined to her home for six months prior to her death. Plaintiff's cabinet, which passes on death claims, rejected defendant's claim and returned to him the amount of premiums paid upon the filing of the application for reinstatement and thereafter. It also notified him that under the by-laws he had 60 days to appear before the cabinet to present evidence to establish his claim.

The by-laws provided as follows:

"SEC. 4. The cabinet shall pass upon all death claims or other claims, and if in its judgment any claim presented is not on its face a valid one, the cabinet shall notify the claimant or claimants thereof and give them, or their attorneys, opportunity to appear before the cabinet within 60 days after the mailing of such notice, and present such evidence as they may have to establish the validity of such claim, and the final decision of the cabinet on any claim shall be conclusive unless an appeal is taken as hereinafter provided."

The section then goes on to state that in case of the rejection by the cabinet of any claim, the claimant shall have the option, within 30 days thereafter, of appealing to the senate or to a board of arbitration. Unless notice in writing of such appeal is

filed with the general secretary within the said 30
days, the right of appeal shall be considered waived
and the action of the cabinet shall be final and con-
clusive.

"SEC. 5. No suit at law or equity shall be com-
menced or maintained by any member or beneficiary
against the association unless and until such member
or beneficiary shall have first followed the procedure
and exhausted all remedies provided for and laid
down by the laws of the association."

Defendant neither appeared, nor appealed from
the decision of the cabinet, but instead began an ac-
tion at law against the company, whereupon the lat-
ter began the instant suit to cancel the certificate
and to enjoin defendant from further prosecution of
his action at law. In its bill plaintiff contends:
(1) That under the by-laws of the association as
amended, assured automatically lost her member-
ship by the default in payment of the 1931 assess-
ment, and that the reinstatement, having been pro-
cured by fraud, was invalid; (2) that since defend-
ant has not exhausted his remedies as required by
the by-laws of the association, he is precluded from
any resort to the courts.

On the first point the trial court held that neither
the assured nor the beneficiary had ever received
any notice of the subsequent amendment to the by-
laws and were not bound by it and that, therefore,
there was no forfeiture. After a careful scrutiny
of the record we are unable to find any testimony
whatsoever on the subject of notice; nor does the
record show that the question was raised at any
time in the trial court. However, we need not dis-
cuss the effect of a subsequent amendment of this
nature upon one who received no notice whatever of
the change, but we shall base our decision upon the

fact that defendant has failed to exhaust his remedies within the association, as required in the by-laws, before resorting to the courts.

Defendant contends, and the trial court agreed, that the rejection of his claim by the plaintiff's cabinet was a final and unconditional denial of liability by the association, and constituted a waiver of the requirements set up in the by-laws.

It has long been held in this State that fraternal beneficiary associations may properly require members to exhaust their remedies within the society before resorting to the courts. *Van Poucke* v. *Netherland St. Vincent De Paul Society,* 63 Mich. 378; *Canfield* v. *Great Camp Knights of Maccabees,* 87 Mich. 626 (13 L. R. A. 625, 24 Am. St. Rep. 186) ; *Hembeau* v. *Great Camp Knights of Maccabees,* 101 Mich. 161 (49 L. R. A. 592, 45 Am. St. Rep. 400) ; *Hoag* v. *Supreme Lodge, International Congress,* 134 Mich. 87. And the mere rejection of a claim by the tribunal first resorted to within the association does not give the claimant the right to institute a suit without finally exhausting his remedies within the order. In *Monger* v. *New Era Association,* 156 Mich. 645 (24 L. R. A. [N. S.] 1027), the secretary of an insurance company notified plaintiff that she had no claim against the society and refused to furnish blanks for proof of loss, on the ground that the membership of the deceased had terminated prior to his death. Plaintiff then brought suit against the company. We held that the action of the secretary constituted merely a waiver of certain proofs of loss, and not of any method of determining liability, and we denied relief to plaintiff on the ground that she had not exhausted her remedies in the association as provided by its by-laws. This decision was based upon *Fillmore* v. *Great Camp Knights of Macca-*

*bees,* 103 Mich. 437, 109 Mich. 13, in which we held that if the claimant had any remedy in court, it must be after her remedies within the association were exhausted, unless a case of fraud or undue oppression was made out on the part of the association or its officers.

In the instant case there is no claim of fraud or oppression on the part of the association. Furthermore, there was clearly no waiver by plaintiff of the procedure required in its by-laws. In its letter to defendant notifying him that his claim had been denied by the cabinet, plaintiff expressly called his attention to the fact that under the by-laws of the association he had 60 days within which to appear before the cabinet to present evidence supporting his claim; yet defendant neither appeared, nor appealed from the decision of the cabinet.

Not only were the by-laws in question a part of the contract made by defendant's decedent, but their wisdom is borne out by the fact that, had their mandate been obeyed by defendant, one of the bodies, to whom an appeal could have been taken, might have mitigated the apparent harshness of the forfeiture in the instant case. In addition, further facts might have been developed sustaining the finding of the trial judge that the assured had no notice of the amendment to the by-laws. Having failed to exhaust his remedy before the tribunals of the order, as required, defendant is precluded from resorting to the courts.

In his answer to plaintiff's bill of complaint the defendant prays for affirmative relief as follows:

"And that said court decree that said policy is a valid policy of insurance upon the life of said Ida Zangbell and that said policy was in full force and effect at the time of the death of said Ida Zangbell

and that said plaintiff, New Era Life Association, be ordered by said court to pay to said Frederick C. Zangbell, beneficiary named in said policy the sum of $1,000 in accordance with the terms of said policy, together with interest thereon and the costs of this suit.''

It thus appears that defendant asks final adjudication in this court, instead of dismissal of the bill of complaint and a remanding of the case to the law side of the court for trial of the issue which would be presented by the defense last above considered, *i. e.,* that plaintiff did not exhaust his remedy within the defendant order before instituting suit. The allegations in defendant's answer disclose beyond any doubt that on this ground plaintiff has a complete defense against a recovery on the certificate of insurance. Under such a record final disposition of the controversy should be made in this suit.

The decree of the trial court will be reversed and one entered permanently enjoining the action at law, as prayed in the bill of complaint. Plaintiff will recover costs.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.