Salvatore BRUNO, George Caiazzo, William F. Morrissey, Frank E. Strecker, Jr., and Frederick R. Gass, III

v.

NORTHEAST AIRLINES, INC.

and

Transport Workers Union of America, AFL–CIO, Air Transport Division

and

Transport Workers Union of America, AFL–CIO, Air Transport Division, Air Transport Local—515.

Civ. A. No. 63–723–F.

United States District Court
D. Massachusetts.

May 12, 1964.

Edwin J. J. Dwyer, Boston, Mass., for plaintiffs.

Albert Goldman, Grant, Angoff, Goldman and Manning, Boston, Mass., O'Donnell & Schwartz, New York City, of counsel, for defendant Transport Workers Union of America, etc.

Hans F. Loeser, Boston, Mass., Loyd M. Starrett, Foley, Hoag & Eliot, Boston, Mass., for Northeast Airlines, Inc.

FRANCIS J. W. FORD, District Judge.

Plaintiffs bring this action under Sec. 301 of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 185, against their former employer and two unions to recover damages for an alleged breach of a collective bargaining contract allegedly running for the benefit of the plaintiffs. Defendant Northeast Airlines, Inc. moves to dismiss on the ground that the complaint fails to state a claim over which this court has jurisdiction under Sec. 301, the only basis of jurisdiction indicated by the complaint.

Relevant portions of the Act are as follows:

"TITLE I—AMENDMENT OF NATIONAL LABOR RELATIONS ACT

"Sec. 101. The National Labor Relations Act is hereby amended to read as follows:

\*　\*　\*　\*　\*　\*

"DEFINITIONS

"Sec. 2. When used in this Act—

\*　\*　\*　\*　\*　\*

"(2) The term 'employer' \* \* shall not include \* \* \* any person subject to the Railway Labor Act, as amended from time to time.

\*　\*　\*　\*　\*　\*

"(3) The term 'employee' \* \* shall not include \* \* \* any individual employed by an employer subject to the Railway Labor Act, as amended from time to time.

\*　\*　\*　\*　\*　\*

"TITLE II—CONCILIATION OF LABOR DISPUTES IN INDUSTRIES AFFECTING COMMERCE; NATIONAL EMERGENCIES

\*　\*　\*　\*　\*　\*

"Sec. 212. The provisions of this title shall not be applicable with respect to any matter which is subject to the provisions of the Railway Labor Act, as amended from time to time.

"TITLE III SUITS BY AND AGAINST LABOR ORGANIZATIONS

"Sec. 301. (a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

\*　\*　\*　\*　\*　\*

"TITLE V DEFNITIONS

"Sec. 501. When used in this Act—

\*　\*　\*　\*　\*　\*

"(3) The terms \* \* \* 'employer', 'employee', \* \* \* shall have the same meaning as when used in the National Labor Relations Act as amended by this Act."

Plaintiffs do not dispute the fact that defendant Northeast Airlines, Inc. is a common carrier by air engaged in interstate commerce and hence is subject to the Railway Labor Act under the provisions of 45 U.S.C.A. § 181. Hence it is not an "employer" within the definition quoted above. Consequently, defendant argues the contract alleged in the complaint between Northeast and the defendant unions, which is the basis of the present action, is not one between an "employer" and a labor organization within the meaning of § 301, and hence not one on which an action can be brought in this court under that section. Plaintiff takes the position that the definition of "employer" in Sec. 101 applies only to Title I of the Act and hence the word in Sec. 301 should be taken in its ordinary meaning.

It is true that Sec. 101 of the 1947 Act, read alone, gives rise to a certain ambiguity as to the scope of the application of the definitions contained in it. Sec. 101 reenacts in an amended form the National Labor Relations Act. Hence, when Sec. 2 under Sec. 101 sets out the meaning to be given to terms "when used in this Act" it may mean the definitions to apply to the whole of the 1947 Act or, as seems more likely, it may mean them to apply only to Sec. 101, the Act within the Act. However, Sec. 501 clears up an ambiguity so far as the terms "employer" and "employee" are concerned since it clearly makes the definitions contained in Sec. 101 applicable to the whole of the 1947 Act, including Sec. 301.

■ Plaintiffs argue, however, that the provisions of Sec. 212, making Title II of the Act inapplicable to matters subject to the provisions of the Railway Labor Act, indicates that the definitions of Sec. 101 apply only to Title I, since otherwise Sec. 212 would be redundant. This does not necessarily follow. Any exclusion of matters subject to the Railway Labor Act by virtue of Sec. 101 is brought about by means of the restriction placed on the meaning of the words "employer" and "employee". In Title II these words do not appear in some sections. Thus Sec. 203(b) is by its own terms applicable to "any labor dispute in any industry affecting commerce." Similarly, Sec. 206 applies where there is "a threatened or actual strike or lock-out affecting an entire industry or a substantial part thereof engaged in trade, commerce, transportation, transmission, or communication among the several States or with foreign nations, or engaged in the production of goods for commerce." Since the terms "employer" or "employee" are not used, these sections would arguably apply to matters subject to the Railway Labor Act if Sec. 212 had not been added. Sec. 212 is not redundant. Rather it emphasizes the intent of Congress to exclude completely from the scope of the 1947 Act the whole field of labor-management relations for which Congress had provided a separate regulatory scheme in the Railway Labor Act.[1]

■ The present action, therefore, is not one which can be brought under Sec. 301. Since no other basis for jurisdiction is set forth in the complaint, and since it positively appears from the complaint that diversity of citizenship is lacking, the motion to dismiss of defendant Northeast Airlines, Inc. is allowed.

1. Plaintiffs cite cases in which the words "any employer" in Sec. 8(b) (4) of the Act have been held to include a railroad. Local Union No. 25 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America v. New York, New Haven & Hartford Railroad Co., 350 U.S. 155, 76 S.Ct. 227, 100 L.Ed. 166; Great Northern Railway Company v. National Labor Relations Board, 272 F.2d 741. These cases hold only that the definition of the word "employer" in the Act does not exclude the railroad from the benefits of the Act when it claimed to be a victim of a secondary boycott carried on by employees of another employer subject to the Act. Nothing in these cases indicates that the Act is to be applied to any matter involving the relations of the railroad with its own employees or the labor organizations representing them.