Jose A. DONES et al., Plaintiffs,

v.

EASTERN AIR LINES, INC., Defendant.

Civ. No. 74–514.

United States District Court, D. Puerto Rico.

July 1, 1975.

George L. Weasler, Joseph Calderón Cruz, José L. Rodríguez Mangual, Santurce, P. R., for plaintiffs.

Pedro Pumarada, William G. Bell, Jr., Miami, Fla., Fiddler, González & Rodríguez, San Juan, P. R., for defendant.

## OPINION AND ORDER

TOLEDO, Chief Judge.

On May 1, 1974, plaintiffs brought this class action on behalf of themselves and all other Eastern Air Lines, Inc. employees similarly situated, namely, all former employees of Caribbean Atlantic Airlines, Inc. who became employees of Eastern Air Lines, Inc. by virtue of the acquisition order of the Civil Aeronautics Board approving the acquisition of Caribbean Atlantic Airlines, Inc. by Eastern Air Lines, Inc. Invoking jurisdiction pursuant to Title 28, United States Code, Section 1332, Title 29, United States Code, Section 185 and Rule 23 of the Federal Rules of Civil Procedure, plaintiffs allege that under the terms of a collective bargaining agreement between Eastern Air Lines, Inc. ("Eastern") and the International Association of Machinists and Aerospace Workers ("I.A.M.A.W."), which was negotiated and signed when said union was not the representa-

tive of plaintiffs, Eastern has illegally and in violation of the acquisition order of the Civil Aeronautics Board, checked off dues to the I.A.M.A.W. and made adverse and prejudicial adjustments in seniority, salaries and other benefits to the prejudice and financial loss of plaintiffs and all other employees similarly situated, giving an unfair and illegal advantage to those Eastern employees not previously employed by Caribbean Atlantic Airlines, Inc. ("Caribair").

On July 1, 1974, defendant filed its answer denying the essential allegations made by plaintiffs and raising several affirmative defenses, namely that the action is barred by arbitration and award, that plaintiffs have not exhausted their administrative remedies, that defendant is not subject to Title 29, United States Code, Section 185, that the Federal Mediation Board has exclusive jurisdiction in questions of representation and, finally, that all deductions made from plaintiffs have been made on the basis of check-off authorization cards. On that same date, defendant filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which motion was duly opposed by plaintiffs. The parties having submitted their respective briefs, presented oral argument on September 20, 1974 and filed additional briefs pursuant to the Court's Order of that date, the case was taken under advisement and the Court now rules upon the motion for summary judgment.

After careful consideration of the whole record, the Court finds that there is no genuine issue as to any material fact relevant to the controversy and that defendant is entitled to a judgment as a matter of law. For the reasons hereinafter expressed, the Court finds that it does not have jurisdiction over the subject matter, and being thus unable to entertain the action, that it must grant defendant's motion.

We must start out our analysis by pointing out that as an air carrier, defendant's labor relations with its employees are governed by the Railway Labor

Act, Title 45, United States Code, Section 151 et seq., rather than by the National Labor Relations Act, Title 29, United States Code, Section 141 et seq. The congressional mandate in this respect is clearly expressed through pertinent provisions of said Acts and the Courts have consistently so found when faced with the question.

Reviewing the statutory provisions we find that in Title 29, United States Code, Section 142, it is stated that: "When used in this chapter . . . (3) The terms . . . "employer", "employee", . . . shall have the same meaning as when used in subchapter II of this chapter as amended by this chapter." In turn, Section 152 of Subchapter II of Title 29, United States Code, provides in its relevant portions: "When used in this subchapter . . . (2) The term "employer" . . . *shall not include* . . . any person subject to the Railway Labor Act, as amended from time to time . . . (3) *The term "employee"* . . . *shall not include* . . . any individual employed by an employer subject to the Railway Labor Act, as amended from time to time . . . " (emphasis added). Finally, Title 45, United States Code, Section 181, provides that: "All of the provisions of Sections 151 to 152 and 154 to 163 of this title are extended to and shall cover *every common carrier by air* engaged in interstate or foreign commerce . . . *and every* air pilot or *other person who performs any work as an employee* or subordinate official *of such carrier* . . . " (emphasis added).

There would seem to be no possible construction of these statutory provisions which could enable the Court to conclude that the parties in the instant case are subject to the National Labor Relations Act and thus able to invoke jurisdiction under Title 29, United States Code, Section 185. A review of applicable jurisprudence confirms that such indeed is the case. As stated in *Bell v. Chesapeake and Ohio Railway Company,* 58 F.R.D. 566 (S.D.W.Va.1973), " . . .

there can be no doubt that employers and employees subject to the Railway Labor Act, as are the plaintiffs and the defendants in this suit, are excluded from the class of persons who are entitled to institute suit in the district courts under the provisions of Section 185(a)". See also, *Brotherhood of Railway Trainmen v. Jacksonville Terminal Co.,* 394 U.S. 369, 89 S.Ct. 1109, 22 L.Ed.2d 344 (1969); *Brotherhood of Locomotive Firemen and Enginemen v. United Transportation Union,* 471 F.2d 8 (6 Cir. 1972); *Bruno v. Northeast Airlines,* 229 F.Supp. 716 (D.C.Mass.1964); *American Air Lines, Inc. v. Transport Workers Union,* 202 F.Supp. 806 (S.D.N.Y.1962).

■ Plaintiffs apparently concede in their last memorandum that Title 29, United States Code, Section 185 is not available to them, but point out that jurisdiction of the Court is also alleged under Title 28, United States Code, Section 1332 and has been conceded by defendant. However, the fact that diversity jurisdiction exists does not really help plaintiffs since the Court does not have jurisdiction over the subject matter. As held in *Pennsylvania Railroad Co. v. Day,* 360 U.S. 548, 79 S.Ct. 1322, 3 L.Ed.2d 1422 (1959), a case in which jurisdiction was based on diversity of citizenship and which the Supreme Court remanded to the District Court with instructions to dismiss the complaint for lack of jurisdiction, the disputes between employers and employees subject to the Railway Labor Act, Title 45, United States Code, Section 151 et seq., must be settled by the administrative boards therein established since these boards have exclusive primary jurisdiction over said disputes.

■ In its opinion, the Court very explicitly stated: "The National Railroad Adjustment Board was established as a tribunal to settle disputes arising out of the relationship between carrier and employee . . . The purpose of the Act is fulfilled if the claim itself arises out of the employment relationship which Congress regulated . . . it is plain both from a reading of the Act in light

of its purpose and the needs of its administration and from the settled administrative interpretation that the Board has jurisdiction over respondent's claim . . . *Since the Board has jurisdiction, it must have exclusive primary jurisdiction.* All the considerations of legislative meaning and policy . . . have compelled the conclusion that an . . . employee must submit his claims to the Board, *and may not resort to the courts in the first instance . . . "* (emphasis added). See also, *Slocum v. Delaware, L. & W. R. Co.,* 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795 (1950) and *Order of Conductors v. Pitney,* 326 U.S. 561, 66 S.Ct. 322, 90 L.Ed. 318 (1946) with respect to the jurisdiction of the National Railway Adjustment Board to hold hearings, make findings and enter awards in all disputes between carriers and their employees arising "out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules or working conditions . . . " [1] Taken together, these cases deny there is power in any court, state or federal, to invade the jurisdiction conferred on the Adjustment Board by the Railway Labor Act and hold that the jurisdiction of the Board to adjust grievances and disputes is exclusive.

At this point it should be pointed out that under the provisions of the Railway Labor Act, Title 45, United States Code, Section 151 et seq. as extended to air carriers by Title 45, United States Code, Section 181 et seq., two different procedures are set up for the adjustment of disputes between the carrier and its employees, depending on whether they are classified as "major" or "minor". The former are disputes over the formation of collective agreements, or efforts to alter them, and are within the jurisdiction of the National Mediation Board under the provisions of Title 45, United States Code, Sections 152, 155–159 and 183. The latter are those disputes which merely involve the interpretation or application of an existing agreement and

which fall within the jurisdiction of the National Railroad Adjustment Board under the provisions of Title 45, United States Code, Sections 152, 153, 184, 185. *Elgin, J. & E. Ry. Co. v. Burley,* 325 U.S. 711, 65 S.Ct. 340, 99 L.Ed. 727 (1945); *Brotherhood of Loc. F. & E. v. Southern Pac. Co. (T. & L.L.),* 447 F.2d 1127 (5 Cir. 1971); *O'Donnell v. Pan American World Airways,* 200 F.2d 929 (2 Cir. 1953; *United Transportation U. v. Penn Central Transp. Co.,* 372 F.Supp. 671 (E.D.Pa. 1973); *Ruby v. Pan American World Airways, Inc.,* 252 F.Supp. 873 (S.D.N.Y. 1965).

As we have already discussed, the jurisdiction of the Adjustment Board over "minor" disputes is primary and exclusive. We must point out that, likewise, the jurisdiction of the National Mediation Board is primary and exclusive with respect to "major" disputes. In other words, just like "minor" disputes must be submitted to the Adjustment Board for resolution, "major" disputes require the intervention of the National Mediation Board. Thus, in *Brotherhood of Railway & S. S. Clerks v. United Air Lines,* 325 F.2d 576 (6 Cir. 1963), we find the court unambiguously declaring that exclusive jurisdiction to determine a representation dispute vests with the National Mediation Board under the provisions of Title 45, United States Code, Section 152, Ninth and that "the federal courts have no jurisdiction over the solution of representation disputes." Consequently, the Court held, "Regardless of what action may have been taken or may hereafter be taken by the National Mediation Board in this dispute, it is our opinion that the District Court was correct in holding that it did not have jurisdiction." Similarly, in *Division No. 14, Order of Railroad Telegraphers v. Leighty,* 298 F.2d 17 (4 Cir. 1962), cert. denied 369 U.S. 885, 82 S.Ct. 1160, 8 L.Ed.2d 287 (1962), a case involving a merger of railroads, the Court dismissed for lack of jurisdiction stating that "particularly in representation disputes the

1. 45 U.S.C., Section 153, First (i).

adjudicatory function has been committed by Congress to the National Mediation Board . . . ."

The language used by the Supreme Court in *General Committee of Adjustment v. M. K. T. R. Co.,* 320 U.S. 323, 64 S.Ct. 146, 88 L.Ed. 76 (1943), would seem to preclude any finding of jurisdiction in cases where the National Mediation Board has jurisdiction since it stated: "It seems to us plain that when Congress came to the question of these jurisdictional disputes, it chose not to leave their solution to the courts . . . In view of the pattern of this legislation and its history the command of the Act should be explicit and the purpose to afford a judicial remedy plain before an obligation enforceable in the courts should be implied. Unless that test is met the assumption must be that Congress fashioned a remedy available in other tribunals." In that case the Court further stated that "The concept of mediation is the antithesis of justiciability." See also, *Switchmen's Union of North America v. National Mediation Board,* 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61 (1943); *General Committee of Adjustment v. Southern Pacific Co.,* 320 U.S. 338, 64 S.Ct. 142, 88 L.Ed. 85 (1943).

Accordingly, in *Brotherhood of Loc. Fire & Eng. v. Seaboard Coast Line R. Co.,* 413 F.2d 19 (5 Cir. 1969), cert. denied 396 U.S. 963, 90 S.Ct. 432, 24 L.Ed.2d 426 (1969), the Court stated: "The determination as to which labor organization may treat with a railroad regarding a particular issue . . . is a representational dispute within the exclusive jurisdiction of the National Mediation Board, whether the dispute is within two unions . . . or within one union." The Court held in this case that the courts do not have jurisdiction to settle a dispute which poses an issue as to the validity of a collective bargaining agreement when the validity of the agreement depends on the merits of a representational dispute. In *Howard v. St. Louis-San Francisco Ry. Co.,* 244 F.Supp. 1008 (D.C.Mo.1965), affirmed 361 F.2d 905 (8 Cir. 1966), cert. denied 385

U.S. 986, 87 S.Ct. 598, 17 L.Ed.2d 448 (1966), plaintiff argued that the Court should exercise jurisdiction because the National Mediation Board had declined to take jurisdiction of their dispute regarding the proper class or craft classification. However, the Court declined to do so stating: "The refusal of the Board to act, whether right or wrong . . . cannot operate to confer jurisdiction on the Court to decide a matter which . . . Congress has withdrawn from our adjudicatory power." Finally, in *Ruby v. American Airlines, Inc.,* 323 F.2d 248 (2 Cir. 1963), the Court held that there exist only "two areas heretofore recognized as appropriate for judicial intervention in Railway Labor Act matters—the duty of the courts to require the carrier to bargain with the duly designated representative . . . and . . . when necessary, a duty to require the Mediation Board to do what Congress commanded, namely, to investigate and certify . . . ." and that "this action . . . concerned the proper representation of American's pilots, a subject which Congress has given the Mediation Board the duty to determine". It therefore affirmed the District Court dismissal of the complaint for lack of jurisdiction over the subject matter.

In short, whether a dispute between an employer subject to the provisions of the Railway Labor Act and its employees be a major dispute within the jurisdiction of the National Mediation Board or a minor one within the jurisdiction of the National Railway Adjustment Board, the courts have no jurisdiction to resolve it as in either case the appropriate Board has exclusive primary jurisdiction over the dispute under the terms of the Act. We need not therefore decide whether the complaint presents a major or minor dispute under the Railway Labor Act since in either case, the Court lacks jurisdiction to resolve the issue. Nevertheless, having studied the matter in our determination of jurisdiction, it seems appropriate to state our opinion thereto in order to completely clarify the issue.

Since plaintiffs contend that defendant has been "illegally" checking off dues to the I.A.M.A.W. from their pay and have argued that the agreement entered into by said I.A.M.A.W. and defendant on May 4, 1973 with respect to the integration of Caribair employees into Eastern's labor force is not binding and of no effect, defendant contends that the issue raised in this case is one of representation of this particular group of employees and that therefore, under Title 45, United States Code, Section 152, Ninth, the dispute is one under the exclusive jurisdiction of the National Mediation Board. This conclusion, however, runs counter to the fact that I.A.M.A.W. has been certified by the National Mediation Board as the exclusive bargaining representative of all employees of defendant in the classifications presently occupied by plaintiffs and that said plaintiffs have signed check off authorization cards for deduction of dues to said labor representative in accordance with Title 45, United States Code, Section 152, Eleventh, which authorizations plaintiffs have not revoked in writing as of this date. Further, plaintiffs do not contend that a different representative has been chosen or is even desired by them.

It thus seems clear that plaintiffs are not raising a representational dispute, but rather, are presenting a dispute "growing out of grievances or out of the interpretation of agreements concerning rates of pay, rules, or working conditions" under Title 45, United States Code, Section 153, First (i). In their claims for relief plaintiffs ask that their seniority rights be restored and that they be paid the difference between their actual salaries and the salaries of other Eastern employees doing equal work, from the date of the acquisition order of the Civil Aeronautics Board to the date of entry of judgment in their favor. These claims are necessarily based on the provisions of the collective bargaining agreement between defendant and the I.A.M.A.W. which establish the seniority rights of all Eastern employees in the classification presently occupied by plaintiffs and the wage rates in said classifications. In other words, plaintiffs are actually basing their claims on contractual provisions of the collective bargaining agreement between Eastern and I.A.M.A.W. since there exist no job classification or seniority rights that can be claimed by Eastern employees except by virtue of said agreement. Thus the issue presented by plaintiffs is a "minor" dispute within the exclusive jurisdiction of the National Railway Adjustment Board and plaintiffs must submit their claims to said Board instead of to the courts. *Andrews v. Louisville & Nashville R. Co.,* 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972); *Walker v. Southern R. Co.,* 385 U.S. 196, 87 S.Ct. 365, 17 L.Ed.2d 294 (1966).

Consequently, the Court is of the opinion that under the terms of the Railway Labor Act, Title 45, United States Code, Sections 151 et seq., it lacks jurisdiction over the subject matter and can not entertain the action even though diversity jurisdiction has been invoked and conceded. In view of this holding, the complaint must be and is hereby dismissed with prejudice and plaintiffs are assessed the court costs and $500.00 for attorney's fees.

Judgment will be entered accordingly.