**CITY OF DETROIT PENSION FUND; City of Detroit Police and Fireman Pension Fund, Plaintiffs–Appellants,**

v.

**PRUDENTIAL SECURITIES INCORPORATED, Defendant–Appellee.**

No. 95–1078.

United States Court of Appeals, Sixth Circuit.

Argued March 28, 1996.

Decided July 31, 1996.

Walter L. Baumgardner, Jr. (argued and briefed), Robert N. Wagner, Musilli, Baumgardner, Wagner & Parnell, St. Clair Shores, MI, for Plaintiffs–Appellants.

Gary M. Saretsky (argued and briefed), Hertz, Schram & Satetzky, Bloomfield Hills, MI, for Defendant–Appellee.

Before: NORRIS and SUHRHEINRICH, Circuit Judges; WELLS, District Judge.*

---

* The Honorable Lesley Brooks Wells, United States District Judge for the Northern District of Ohio, sitting by designation.

ALAN E. NORRIS, Circuit Judge.

Plaintiffs, the City of Detroit Pension Fund and the City of Detroit Police and Fireman Pension Fund (the "Funds"), appeal the judgment of the district court denying their petition to confirm an arbitration award and enjoining further arbitration. The Funds present two questions for review: (1) whether the district court had subject matter jurisdiction; and (2) whether the district court erred in deciding the merits of the arbitrability issue, rather than awaiting a determination by an arbitration panel. We affirm.

## I. Facts

In late 1985 and early 1986, the Funds purchased from defendant Prudential Securities Incorporated ("PSI") the interests in a limited partnership costing a total of $10,-000,000. While PSI and the Funds anticipated a thirty-five percent annual return on this investment, no such profit was realized. In fact, the Funds assert that they will not receive even a return of their principal when the limited partnership fully winds up its operations. On February 2, 1994, the Funds filed a Claim for Arbitration with the National Association of Securities Dealers, Inc. ("NASD"), alleging violations of (1) New York Stock Exchange Rule 405; (2) Art. III, § 2 of the NASD Rules of Fair Practice; (3) the Michigan Uniform Securities Act, Mich. Comp.Laws §§ 451.501–.817; (4) unspecified sections of the federal securities laws; and (5) the fiduciary duties imposed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001–1461. The Funds sought damages in excess of $11,350,000. As a member of NASD, PSI is required to arbitrate any disputes arising out of its business dealings with its customers pursuant to the NASD Code of Arbitration Procedure (the "Code").

Upon receipt of the Claim for Arbitration, NASD served PSI with a copy of the claim and informed PSI that an answer was due by April 12, 1994. PSI represents that it contacted NASD and informed the case administrator that it would be challenging in court NASD's authority to arbitrate the claims. PSI asserts that the case worker informed PSI that the arbitration would be put on hold pending the resolution of any litigation. PSI did not, in fact, initiate any lawsuit.

On April 28, 1994, the Funds requested a default judgment from NASD. On May 5, 1994, having heard nothing from NASD and having received no answer to its claim from PSI, the Funds commenced this action by filing a Petition for Confirmation of Award. PSI responded by pointing out that there was no arbitration award for the district court to confirm. While the Funds assumed that the failure of PSI to file an answer with NASD by the April 12 deadline would automatically result in the entry of a default judgment, the Code plainly indicates otherwise. Section 25(b)(2)(iii) indicates that the sanction available where a party fails to file a timely answer is that the party "may, in the discretion of the arbitrators, be barred from presenting any matter, arguments or defenses at the hearing." Indeed, the Code does not appear to authorize a default judgment in any case. A party seeking arbitration is not without a remedy, though, since courts routinely issue orders compelling uncooperative parties to arbitrate.

PSI also argued that, because of § 15 of the Code, the Funds' claims were not eligible for submission to NASD as they were more than six years old. The relevant portion of § 15 provides that "[n]o dispute, claim, or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim, or controversy." PSI sought a declaratory judgment that the claims were ineligible for submission to arbitration. The Funds replied that the six-year period for bringing claims was tolled by the doctrine of fraudulent concealment, which PSI parried by arguing that § 15 is not subject to tolling.

On December 23, 1994, the district court concluded that it was unnecessary to decide whether § 15 is subject to tolling, because the Funds had failed to allege facts that would support a finding of fraudulent concealment. The district court then granted PSI's motion to enjoin the arbitration, to dismiss the arbitration claims, and to dismiss

the petition for confirmation of the arbitration award. This timely appeal follows.

## II. Subject Matter Jurisdiction

 Jurisdiction was not a significant issue in the district court, and it was ignored in the parties' appellate briefs. After briefing but before oral argument, the Funds notified this court that they intended to challenge the subject matter jurisdiction of the district court. Failure to object to subject matter jurisdiction before the district court does not preclude appellate review, *Nationwide Mut. Ins. Co. v. Cisneros,* 52 F.3d 1351, 1361 (6th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 973, 133 L.Ed.2d 893 (1996); and we must address this issue even though it is presented for the first time on appeal. *Von Dunser v. Aronoff,* 915 F.2d 1071, 1074–75 (6th Cir.1990).

 The district court treated this case as a federal question dispute with jurisdiction premised upon 28 U.S.C. § 1331 and the Federal Arbitration Act, 9 U.S.C. §§ 1–16, under which the petition to confirm was filed. In light of this court's decision in *Ford v. Hamilton Investments, Inc.,* 29 F.3d 255, 257–59 (6th Cir.1994), however, it is plain that the Federal Arbitration Act does not give rise to federal jurisdiction. Similarly, the federal nature of the claims submitted to arbitration would not appear to be a sufficient basis for jurisdiction under 28 U.S.C. § 1331, since the rights asserted here are actually based on the contract to arbitrate rather than on the underlying substantive claims. *See In re Application of Prudential Sec. Inc.,* 795 F.Supp. 657, 658–59 (S.D.N.Y. 1992).

Upon receiving the Funds' letter indicating an intent to challenge jurisdiction, this court requested the parties to submit letter briefs addressing the existence of federal question jurisdiction and any other potential bases for jurisdiction. PSI indicated that the requirements of diversity jurisdiction under 28 U.S.C. § 1332 are satisfied, because (1) the Funds are Michigan corporations with their principal places of business in Michigan, (2) PSI is a Delaware corporation with its principal place of business in New York, and (3) the amount of controversy greatly exceeds $50,000. At oral argument, the Funds admitted these jurisdictional facts but argued that diversity jurisdiction did not exist because of a failure on the part of PSI to exhaust administrative remedies.

The cases relied on by the Funds do not, however, apply. *Pennsylvania Railroad Co. v. Day,* 360 U.S. 548, 79 S.Ct. 1322, 3 L.Ed.2d 1422 (1959), and *Dones v. Eastern Air Lines, Inc.,* 408 F.Supp. 1044 (D.P.R. 1975), stand for the rule that a federal statutory scheme that creates a right of action and vests in an administrative agency exclusive jurisdiction over any claims operates as an implied partial repeal over more general grants of jurisdiction such as those based on diversity or federal question. In such a situation, failure to exhaust administrative remedies generally bars judicial review. *See* 360 U.S. at 552, 79 S.Ct. at 1324–25, 408 F.Supp. at 1048. Here, there is no such administrative scheme for processing arbitration claims. *New Era Life Ass'n v. Zangbell,* 266 Mich. 371, 254 N.W. 134 (1934), tells us only that, under Michigan law, fraternal organizations may require the exhaustion of internal appeals procedures before a claimant may go to court. *See id.* at 377, 254 N.W. at 136. The case before us has nothing to do with any fraternal organization.

 Assuming, arguendo, that there is no basis for federal question jurisdiction, and given the agreement by the parties that the elements of diversity jurisdiction are satisfied, the question becomes whether this court can uphold the district court's exercise of jurisdiction on a basis other than that recognized by the district court. Where there is a challenge on appeal to the subject matter jurisdiction of the district court, this court may take notice of other bases for jurisdiction. *See Eisler v. Stritzler,* 535 F.2d 148, 152 (1st Cir.1976) ("Although we normally would be disinclined to note, sua sponte on appeal, alternative grounds for the district court's jurisdiction ..., there is no impediment to our doing so...."). Particularly where a plaintiff invokes the jurisdiction of the federal courts, loses in the district court, and then seeks to avoid the preclusive effects of that judgment by challenging on appeal the subject matter jurisdiction of the district

court, it seems to us that a court of appeals should avoid dismissing the case for want of jurisdiction if a basis for federal jurisdiction appears in the record, including the appellate briefs and arguments of the parties.

■ Because the parties are of diverse citizenship and the requisite minimum amount is in controversy, the district court had jurisdiction under 28 U.S.C. § 1332.

### III. Determination of Arbitrability

■ The focus of the Funds' argument in their brief is that the district court should not have decided whether the claims against PSI were eligible for arbitration. Instead, the Funds argue, the district court should have ordered PSI to submit the arbitrability issue to an arbitration panel. Whether the district court may decide the merits of a § 15 eligibility dispute before the arbitrators have had the opportunity to address the issue is a legal question we review de novo. *See Stevens v. McGinnis, Inc.*, 82 F.3d 1353, 1356 (6th Cir.1996).

■ This claim is controlled by *Litton Financial Printing Division v. NLRB*, 501 U.S. 190, 111 S.Ct. 2215, 115 L.Ed.2d 177 (1991), where the Supreme Court pointed out that "[w]hether or not a company is bound to arbitrate, as well as what issues it must arbitrate, is a matter to be determined by the court, and a party cannot be forced to 'arbitrate the arbitrability question.'" *Id.* at 208, 111 S.Ct. at 2226 (quoting *AT & T Technologies, Inc. v. Communications Workers*, 475 U.S. 643, 651, 106 S.Ct. 1415, 1419–20, 89 L.Ed.2d 648 (1986)). *See also Dean Witter Reynolds, Inc. v. McCoy*, 995 F.2d 649, 651 (6th Cir.1993) ("[T]he question of arbitrability under NASD § 15 is not arbitrable...."). While the Funds make much of PSI's supposed breach of the NASD rules in raising the arbitrability issue before the district court, it cannot be overlooked that the Funds initiated the district court proceedings by filing a petition to confirm a non-existent arbitration award premised on a non-existent default judgment. Even if the Funds had not been the ones to initiate this litigation, though, *Litton* and *Dean Witter* plainly demonstrate that PSI would be permitted to raise the arbitrability issue with the court without prior submission to arbitration.

The district court did not err in resolving the arbitrability issue.

### IV. Susceptibility of § 15 to Tolling

The only argument the Funds make concerning the correctness of the district court's determination that the claims are not arbitrable is as follows: "[T]he entering of a plea of guilty on October 24, 1994 raises the fact question of whether [there] was active concealment of the fraud, thereby extending the eligibility period of claims to begin on that day." We need not reach the issue of whether § 15 is subject to tolling on the basis of fraudulent concealment, because the Funds did not adequately plead fraudulent concealment before the district court. The guilty plea to which the Funds refer is irrelevant, since it involves investors and investments different from those at issue here. PSI's acknowledgment of wrongdoing with respect to transactions unrelated to the Funds or the limited partnership in which they invested is wholly unrelated to this case.

### V. Conclusion

The judgment of the district court is **affirmed.**