**The REYNOLDS AND REYNOLDS COMPANY, Petitioner,**

v.

**1MAGE SOFTWARE, INC., fka Information Solutions, Inc., Respondent.**

No. C–3–02–206.

United States District Court, S.D. Ohio, Western Division.

Jan. 2, 2003.

Terence Leslie Fague, Coolidge, Wall, Wonsley & Lombard, Dayton, OH, Bryan G. Harrison, Morris, Manning & Martin, Atlanta, GA, for Petitioner.

David Leslie Hall, Scott Alan Liberman, Matthew D. Stokely, Altick & Corwin, Dayton, OH, James A. Jablonski, Gorsuch Kirgis, LLP, Denver, CO, for Respondent.

DECISION AND ENTRY OVERRULING RESPONDENT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (DOC. # 6); PETITIONER DIRECTED TO FILE, WITHIN 20 DAYS FROM DATE, A SECOND AMENDED PETITION TO COMPEL ARBITRATION, EXPRESSLY SETTING FORTH THE BASIS FOR THE COURT'S SUBJECT MATTER JURISDICTION, AND STATING THE FACTS IN SUPPORT OF ITS ARGUMENT THAT ARBITRATION MUST BE COMPELLED

RICE, Chief Judge.

On May 3, 2002, the Reynolds and Reynolds Company ("Petitioner") peti-

tioned the Court to compel 1mage Software, Inc., fka Information Solutions, Inc. ("Respondent"), to comply with an alternative dispute resolution provision which it (Petitioner) claims was binding on the Respondent. (*See* Doc. # 1; "Original Petition.") In the same filing, it also petitioned the Court to stay proceedings in the District Court for the City and County of Denver, Colorado, Case No. 02CV3268, relating to a declaratory judgment action which Respondent herein had filed against Petitioner herein and several other defendants, which Petitioner claimed was barred by the alternative dispute resolution provision. For its part, Respondent then moved to dismiss for lack of subject matter jurisdiction in this Court. (*See* Doc. 6.)

On September 23, 2002, Respondent informed the Court that the litigation in Case No. 02CV3268, in the District Court for the City and County of Denver, Colorado, had been dismissed pursuant to stipulation of the parties. (*See* Doc. # 11.) The Petitioner then filed a Motion to Amend Petition (Doc. # 16), stating that although the aforementioned litigation between it and the Respondent had been dismissed, two other actions, also brought by the Respondent, had come into existence, both of which would provide a jurisdictional basis for it to petition this Court to compel arbitration. By Notation Order of November 6, 2002, the Court granted the Petitioner's Motion to Amend (over the Respondent's subsequently filed objection to same (Doc. # 17)), and on November 20, 2002, the Petitioner filed its Amended Petition to Compel Compliance with Alternative Dispute Resolution Provision and for Stay (Doc. # 18; "Amended Petition"). The Respondent responded to same on November 29, 2002. (*See* Doc. # 19.) The two cases noted by the Petitioner as the concurrent actions it wishes to have stayed by this Court are Case No. 02CV4701, in the District Court for the City and County

of Denver, Colorado, and Civil Action No. 02–CV–1688, in the United States District Court for the District of Colorado.

For the reasons which follow, Respondent's Motion to Dismiss for Lack of Subject Matter Jurisdiction shall be overruled. Petitioner shall be directed to file a second amended petition to compel arbitration, expressly setting forth the basis for the Court's jurisdiction, and stating the facts supporting its argument that arbitration should be compelled.

### I. *Analysis*

The facts can be simply stated for purposes of this Decision and Entry. Respondent is a developer of certain software, and Petitioner is a user of such. In 1994, the parties entered into an agreement ("1994 Agreement") whereby Respondent issued Petitioner, among other things, a license to use, distribute, and sub-license certain of its software products. The heart of this dispute concerns a mediation/arbitration clause contained in the 1994 Agreement, which required that any dispute arising out of or related to said agreement be submitted to mediation and then, if necessary, arbitration. In 1996, the parties entered into a separate agreement ("1996 Agreement"), whereby Respondent agreed to provide certain maintenance services and technical assistance to support the software it had given Petitioner license to use. At some point, Petitioner terminated the 1996 Agreement, an act which fomented the present controversy.

As this Court understood it, the underlying dispute in the original, but now dismissed declaratory judgment action in the District Court for the City and County of Denver, Colorado, Case No. 02CV3268, was whether Petitioner, in terminating the 1996 Agreement, gave up its right to continue to use Respondent's software in the manner it had been, or merely gave up its

right to the maintenance services and technical assistance which Respondent agreed to provide under said agreement. Petitioner had argued that the latter characterization of the legal effect of its act of termination was correct, while the Respondent had argued that the former was correct. The original issue in *this* Court was whether the dispute which the Respondent had raised in its declaratory judgment action in the Colorado court was actually one which should have been submitted to mediation and/or arbitration, pursuant to the mediation/arbitration provision in the 1994 Agreement. In petitioning this Court to compel arbitration, it was the Petitioner's position that the declaratory judgment dispute was subject to the mediation/arbitration provision; Respondent argued to the contrary, contending that the 1996 Agreement did not incorporate the terms of the 1994 Agreement, and, therefore, that any dispute arising out of the 1996 Agreement was not subject to mandatory mediation/arbitration.

The Original Petition was brought pursuant to 9 U.S.C. §§ 3 & 4, the Federal Arbitration Act ("FAA"). Section 4 of the FAA states, in pertinent part:

A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.... The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply

therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.

The Respondent's jurisdictional argument was initially premised on the contention that the Petitioner had failed to state a basis for this Court's jurisdiction.[1] Subsequently, in its Supplemental Memorandum of Law in Support of its Motion to Dismiss, it pointed out that its declaratory judgment action had been dismissed pursuant to stipulation of the parties, such that Petitioner's own premise for its Original Petition was rendered moot, and therefore no longer justiciable. More recently, in its Response to the Petitioner's Amended Petition, it reiterates its earlier arguments, and has pointed out that the Petitioner has filed an identical petition to compel arbitration in their litigation which is presently before the District Court of Colorado, and contends that, if anything, it should be *that* court which decides the arbitration issue. The Court will address these arguments in turn.

■■■ The Original Petition was brought pursuant to 9 U.S.C. §§ 3 & 4, the Federal Arbitration Act ("FAA"), but stated no separate basis for subject matter jurisdiction. Rule 8(a)(1) of the Federal Rules of Civil Procedure requires a claimant to include in its complaint a "short and plain statement of the grounds upon which the court's jurisdiction depends ...," and it is settled that the Federal Arbitration Act does not provide a grant of subject matter jurisdiction of its own. *See Detroit Pension Fund v. Prudential Sec.,* 91 F.3d 26, 29 (6th Cir.1996); *Ford v. Hamilton Invs., Inc.,* 29 F.3d 255, 257–59 (6th Cir. 1994). Furthermore, it is not enough for a plaintiff, or a petitioner as the case may

---

**1.** The Respondent also submitted an argument as to why the issue raised in its declaratory judgment action was not subject to arbitration, but whether that was true is a moot question, given that action's dismissal.

be, to attach, as the Petitioner did, an affidavit to the complaint (or petition), which itself asserts that diversity jurisdiction exists, at least not when the complaint (or petition) makes no reference to that affidavit so as to incorporate it therein. Rule 8(a)(1) requires the statement of jurisdiction to appear on the complaint itself. For these reasons, the Respondent argues that this requires dismissal for lack of subject matter jurisdiction.

■ While Respondent's argument is technically correct, it is also true that had the jurisdictional basis for the Original Petition been properly stated on its face, this Court would likely have subject matter jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332(a), as Petitioner is a corporate citizen of Ohio, and Respondent a corporate citizen of Colorado. *See, e.g., Management Recruiters Int'l v. Bloor,* 129 F.3d 851 (6th Cir.1997) (recognizing that the district court properly exercised jurisdiction, where a petition to compel was the only substantive matter before the court, because the corporate parties were diverse). It would be easy enough to allow the Petitioner leave to amend to clearly state this (provided it can also state, in good faith, that the amount in controversy exceeds $75,000). For this reason, the Court does not find that outright dismissal would be appropriate on this basis.

■ The argument raised in the Respondent's Supplemental Memorandum of Law appears to have been that because the factual basis for Petitioner's Original Motion ceased to exist with the dismissal of Respondent's declaratory judgment action, there also ceased to exist an underlying "case or controversy" between the two parties that would have provided the Court with continuing subject matter jurisdiction. *See* U.S. Const. art. III, § 2. In other words, Respondent seemed to be suggesting that the Petitioner was, as of the time

of the declaratory judgment action's dismissal, no longer "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration," such that it would have had a basis to invoke the FAA to compel arbitration. The Petitioner clearly appreciated this argument, as demonstrated by its Motion to Amend, by which it sought to invoke, as its new basis for a petition to compel arbitration, the two other actions which had been filed by the Respondent in the interim, those being Case No. 02CV4701, in the District Court for the City and County of Denver, Colorado, and Civil Action No. 02–CV–1688, in the United States District Court for the District of Colorado. As it stated in its Motion to Amend, it was seeking "to include the two new actions filed by Respondent in Colorado in place of the action that was the original subject of Reynolds' Petition and that Respondent has now dismissed," and that such leave was necessary "given the recent actions *requiring* amendment." (Doc. # 16 at 3 (emphasis added).)

For two reasons, the dismissal of the declaratory judgment does not constitute a dispositive jurisdictional action in its own right. *First,* section 4 of the FAA does not require that an underlying *lawsuit* exist before it can be invoked; it merely requires, as it states, that there be an "aggrieved" party, that the aggrievement be the result of "the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration," and that the "failure, neglect, or refusal" of that other person to arbitrate constitute a controversy, the subject matter of which would fall within the jurisdiction of this Court, were an actual suit to arise out of the controversy. Therefore, regardless of whether the Respondent had filed its declaratory judgment action in the first instance, as long as the Petitioner

could demonstrate that the Respondent was refusing to arbitrate what was arguably an arbitrable dispute, and as long as it could demonstrate that this Court would have diversity jurisdiction over such a dispute, then the petition to compel arbitration would be sound. *Second,* the issue was mooted in any event by the Petitioner's having filed its Amended Petition, demonstrating that two actual lawsuits involving it and the Respondent are currently in existence.

■ Finally, Respondent argues that the United States District Court for the District of Colorado should decide the arbitrability issue, given that an identical petition has already been filed in that case by the Petitioner herein,[2] and that, as an added matter, that court is already presiding over one of the two live actions that now form the basis of the Petitioner's Amended Petition. While this argument makes perfect sense, it does not present a jurisdictional issue. Several federal districts may have subject matter jurisdiction over a given case or controversy, and provided personal jurisdiction is proper in each, the claim may be filed in any of them, or even all of them. Such forum shopping raises other issues worthy of note (most notably redundant use of scarce judicial resources), but subject matter jurisdiction is not one of them.

Another shortcoming to the Respondent's argument that the District Court of Colorado should decide the arbitrability question, an argument which from a common sense perspective admittedly makes a lot of sense, is the fact that section 4 of the FAA also states that "[t]he hearings and proceedings, under such an agreement, shall be within the district in which the petition for an order directing such arbitration is filed." The Sixth Circuit has construed this language to mean that "where the parties have agreed to arbitrate in a particular forum, only a district court in that forum has jurisdiction to compel arbitration pursuant to Section 4." *Bloor,* 129 F.3d at 854. On that note, it must be pointed out that paragraph 18 of the 1994 Agreement, the mediation/arbitration provision, states that all mediation and/or arbitration will be held in Dayton, Ohio. Thus, while the District Court of Colorado itself need not follow the Sixth Circuit's construction of section 4, this Court must, and the *Bloor* holding lends strong support to the proposition that this Court should *not* defer to its sister court for a decision on the question of arbitrability.

For the reasons stated thus far in this Decision and Entry, the Court does not find the Respondent's Motion to Dismiss for Lack of Subject Matter Jurisdiction well taken, and it is therefore OVERRULED.

■ That this Court can properly consider the Petitioner's Amended Petition is assured, but, unfortunately, two matters prevent it from doing so at this time. *First,* there is the issue stated above: it needs to demonstrate to this Court's satisfaction that diversity jurisdiction is proper, a fact which will require further leave to amend so it can state as much. *Second,* it has wholly failed to state in its Amended Petition the underlying facts of the two disputes currently pending in the respective state and federal courts in Colorado.

**2.** While the Respondent attached an unauthenticated copy of said petition filed by the Petitioner in the District Court of Colorado, this Court has confirmed by its own electronic search of the docket proceedings in that case that such a petition was filed (styled therein as a "motion"). *See* Doc. # s 9 & 14 in 02–CV–1688 (D.Colo.), available at <h ttp://www.cod.uscourts.gov/pacer_frame.htm >. It appears to have been filed first on November 7, 2002, and again on November 20.

All it states in its Amended Petition is that this Court should issue an order "compelling Respondent to comply with its contractual obligations first to mediate and, if necessary, then arbitrate *the disputes between Reynolds and Respondent*" (emphasis added), and a second order staying the proceedings in Case No. 02CV4701, in the District Court for the City and County of Denver, Colorado, as well as those in Civil Action No. 02–CV–1688, in the United States District Court for the District of Colorado. The shortcoming to this is that it has failed to demonstrate, even inferentially, what "the disputes between Reynolds and Respondent" are at present. There is absolutely no mention in the Amended Petition of what facts are in dispute in Case No. 02CV4701, in the District Court for the City and County of Denver, Colorado, or those in Civil Action No. 02–CV–1688, in the United States District Court for the District of Colorado. Without knowledge of such, this Court cannot render a decision on the question of arbitrability.

In order to state a claim upon which the Court can grant Petitioner the relief it seeks, it must first demonstrate that it is a "party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration." The Petitioner has not demonstrated on the face of the pleadings that it is such a party. Furthermore, while it references in its Amended Petition "the facts and arguments set forth" in its Memorandum of Law in Support of Its Motion to Compel (attached to Doc. # 1) and in its Brief in Opposition to Respondent's Motion to Dismiss (Doc. # 7), everything contained in those briefs related to the declaratory judgment action that was dismissed in September. Thus, even if those briefs are to be taken as incorporated into the Amended Petition, the Court is still without knowledge of how the existence of the two cases currently pending in the respective state and federal courts in Colorado relate to the mediation/arbitration provision in the 1994 Agreement.

Accordingly, the Petitioner is hereby directed to file a second amended petition to compel arbitration, within 20 days from date, expressly setting forth the basis for the Court's subject matter jurisdiction on the face of the petition. In addition, it is to attach whatever documentation is necessary to support its argument that the subject matter at issue in Case No. 02CV4701, in the District Court for the City and County of Denver, Colorado, and that in Civil Action No. 02–CV–1688, in the United States District Court for the District of Colorado, comes within the ambit of the mediation/arbitration provision of the 1994 Agreement. The Respondent may respond pursuant to S.D. Ohio Civ. R. 7.2(a)(2).

One additional issue must be addressed by the parties in their subsequent briefs to the Court. The Respondent makes a separate argument that goes not to the question of whether the Court can compel arbitration, but whether the Court has the authority to stay the proceedings in the Colorado state court and the United States District Court for the District of Colorado. In support, it cites section 3 of the FAA which states:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the

stay is not in default in proceeding with such arbitration.

The Respondent's argument is that because this provision only authorizes a court in which a suit is already pending to stay proceedings, and only then the proceedings actually pending therein, this Court, which does not otherwise have a suit between the Petitioner and the Respondent pending before it, is without authority to act as the Petitioner wishes.

The Respondent's argument is misplaced. While it is correct that there is no underlying proceeding between the Petitioner and Respondent pending in this Court, and thus no proceedings in this Court for it to stay, and while it is also correct that section 3 of the FAA does not grant this Court any other authority to stay proceedings in other courts, that does not mean that the Court cannot find its authority elsewhere, or that the issue bears on the Court's authority to compel arbitration in the first instance. The Court will refrain from further discussion of this issue at this time, but the parties should address it in their subsequent briefs to the Court.

II. *Conclusion*

For the reasons set forth above, the Respondent's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. # 6) is OVERRULED. The Petitioner is hereby directed to file, within 20 days from date, a second amended petition to compel arbitration, expressly setting forth the basis for the Court's subject matter jurisdiction on the face of the petition. In addition, it is to attach whatever documentation is necessary to support its argument that the subject matter at issue in Case No. 02CV4701, in the District Court for the City and County of Denver, Colorado, and that in Civil Action No. 02–CV–1688, in the United States District Court for the District of Colorado, comes within the ambit of the mediation/arbitration provision of

the 1994 Agreement. The Respondent may respond pursuant to S.D. Ohio Civ. R. 7.2(a)(2). Both parties should also address the issue of whether and how this Court has the authority to stay the proceedings in either or both of the respective courts in Colorado, and what bearing the answer to that question has on its ability to compel arbitration in the first instance.