Richard STANTON, individually and as Trustee for Minnie Stanton, Cheryl Stanton, Linda Heffron and James Urie, Plaintiffs,

v.

PAINE WEBBER JACKSON & CURTIS, INC. and Robert Diamond, Defendants.

No. 85–6632–CIV.

United States District Court, S.D. Florida, N.D.

June 14, 1988.

Douglas de Almeida, Forkey & Falco, P.A., Deerfield Beach, Fla., for plaintiffs.

Keith Olin, Ruden, Barnett, McCloskey, Smith, Schuster & Russell, P.A., Miami, Fla., for defendants.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the Third Verified Emergency Motion for Temporary Restraining Order and Preliminary Injunction of the plaintiffs, Richard Stanton, individually and as Trustee for Minnie Stanton, Cheryl Stanton, Linda Hef-

fron and James Urie (collectively referred to as "plaintiffs"). Plaintiffs seek an order enjoining the defendants, Paine Webber Jackson & Curtis, Inc. ("Paine Webber") and Robert Diamond ("Diamond") from requesting the issuance of and serving subpoenas for the attendance of witnesses or production of documents, other than for attendance or production before the arbitration panel.

Plaintiffs brought the underlying action against Paine Webber and Diamond for violations of the Commodity Exchange Act, Florida securities laws and common law. Defendants moved for, and this court Ordered arbitration of plaintiffs' claims pursuant to the Federal Arbitration Act, 9 U.S.C. § 4. The court retained jurisdiction to enforce the arbitration award.

A hearing before the American Arbitration Association panel is scheduled to begin shortly. Defendants Paine Webber and Diamond have requested that the arbitration panel issue subpoenas duces tecum to various third parties. The documents sought are records of commodities accounts maintained by plaintiffs with firms other than Paine Webber and plaintiffs' tax returns. Defendants claim that production of these documents is necessary because they tend to disprove plaintiffs' claims of unsophistication and financial unsuitability.

It appears from plaintiffs' Motion that the arbitrators have issued several of the subpoenas requested. The subpoenas require pre-hearing production of documents to the defendants. Plaintiffs contend that the issuance of these subpoenas to third parties violates the law and the production of documents constitutes impermissible pre-hearing discovery.

■ Plaintiffs are correct that all discovery between parties must be stayed by the court pending arbitration. *See Suarez–Valdez v. Shearson/American Express, Inc.*, 845 F.2d 950, 951 (11th Cir. May 23, 1988). "An agreement to arbitrate is an agreement to proceed under arbitration and not under court rules." *Id.* (footnote omitted).

■ However, the court can find no support for plaintiffs' contention that the court may interfere with the procedures of the arbitration panel. The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, sets forth the district courts' powers to enforce arbitration agreements. These include the power to (1) stay court proceedings when an issue therein is arbitrable (9 U.S.C. § 3); (2) compel such issues to arbitration (9 U.S.C. § 4); (3) enforce summons issued by arbitrators (9 U.S.C. § 7); and (4) confirm, vacate, modify or correct an arbitration award (9 U.S.C. §§ 9–13). Nothing in the Act contemplates interference by the court in an ongoing arbitration proceeding. *See Foremost Yarn Mills, Inc. v. Rose Mills, Inc.*, 25 F.R.D. 9, 11 (E.D.Pa.1960) ("[I]t is clearly evident that the Arbitration Act does not in any wise attempt to regulate the procedures before the arbitrators or prescribe rules or regulations with respect to hearings before arbitrators.")

The Arbitration Act does provide the parties with some protection from the arbitrators' acts. When the arbitrators have by their misbehavior prejudiced the rights of any party or have exceeded their powers, the court may vacate an award made by the arbitrators. 9 U.S.C. § 10. The procedures and standards for vacating an award must be followed.

However, the plaintiffs are not seeking to vacate an award by the arbitrators. They are asking the court to impose judicial control over the arbitration proceedings. Such action by the court would vitiate the purposes of the Federal Arbitration Act: "to facilitate and expedite the resolution of disputes, ease court congestion, and provide disputants with a less costly alternative to litigation." *Recognition Equipment, Inc. v. NCR Corp.*, 532 F.Supp. 271, 275 (N.D.Tex.1981).

■ Furthermore, the court finds that under the Arbitration Act, the arbitrators may order and conduct such discovery as they find necessary. *See Corcoran v. Shearson/American Express, Inc.*, 596 F.Supp. 1113, 1117 (N.D.Ga.1984); *Mississippi Power Co. v. Peabody Coal Co.*, 69 F.R.D. 558 (S.D.Miss.1976) (arbitrator, in

 

his discretion, may permit and supervise discovery he deems necessary); *see also* 9 U.S.C. § 7 (arbitrators may issue summons to bring witnesses and documents before them). Plaintiffs' contention that § 7 of the Arbitration Act only permits the arbitrators to compel witnesses at the hearing, and prohibits pre-hearing appearances, is unfounded. For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED that the Third Verified Emergency Motion for Temporary Restraining Order and Preliminary Injunction be and the same is DENIED. The court notes that this is the third time this identical motion has been denied. No further motions on this issue will be considered.

William Gaffney, William McKinnon, Asst. U.S. Attys., Atlanta, Ga., for plaintiff.

Jack Goger, Charles Floyd, David Walbert, Atlanta, Ga., for defendant.

Terrence B. Adamson, Peter C. Canfield, James A. Demetry, Dow, Lohnes & Albertson, Atlanta, Ga., for WSB–TV.