Julie GRESHAM, Petitioner,

v.

Uley NORRIS, Respondent.

No. CIV.A. 04–MC–8.

United States District Court,
E.D. Virginia,
Alexandria Division.

Feb. 10, 2004.

Kimberly Ann Taylor, Thompson & McMullan, Richmond, VA, for Petitioner.

## *ORDER*

ELLIS, District Judge.

The matter is before the Court on a Petition to Compel Attendance of a Witness at a Deposition in Connection with an Arbitration Proceeding. This matter is scheduled for a hearing at 10:00 a.m., Friday, February 13, 2004, however because the dispositive facts and circumstances adequately appear in the record, oral argument is unnecessary.

Petitioner commenced an arbitration proceeding before the American Arbitration Association ("AAA") against Mark Barnes for sexual harassment, wrongful discharge, and various torts. The proceedings are pending before Dr. A.Y. McKissick, the AAA arbitrator. Respondent is not a party to the arbitration proceedings, but petitioner believes she has

information and documents relevant to petitioner's claims. More specifically, petitioner believes respondent is a witness to certain conduct underlying her claim and that respondent is also a victim of similar conduct by Mark Barnes. On January 5, 2004, the arbitrator issued a Judicial Subpoena ad Testificatum and Duces Tecum for respondent to appear, give evidence, and produce certain documents at a deposition scheduled for 9:00 a.m., January 20, 2004. On January 8, 2004, the subpoena was personally served on a receptionist at respondent's law firm, who represented that she was authorized to accept service. Thereafter, respondent instructed her receptionist to inform petitioner's counsel that she would not honor the subpoena. By letter dated January 15, 2004, counsel for petitioner urged respondent to reconsider her decision not to appear. There was no response to this letter and respondent did not appear at the scheduled deposition.

 Petitioner now requests that this Court enter an order compelling respondent to produce the documents requested in the subpoena and to appear at a deposition to be scheduled in the near future. Petitioner also seeks as sanctions against respondent the costs of the deposition on January 20, 2004, including court reporter's expenses and attorneys' fees, and petitioner's costs and attorneys' fees in bringing this Petition.

The Federal Arbitration Act ("FAA") provides that arbitrators "may summon in writing any person to attend *before them* . . . as a witness and in a proper case to bring with him . . . any book, record, document, or paper which may be deemed material as evidence in the case." 9 U.S.C.A. § 7 (emphasis added). Further, the Act states that

if any person or persons so summoned to testify shall refuse or neglect to obey said summons, upon petition the United States district court for the district in which such arbitrators, or a majority of them, are sitting may compel the attendance of such person or persons before said arbitrator or arbitrators, or punish said person or persons for contempt in the same manner provided by law for securing the attendance of witnesses or their punishment for neglect or refusal to attend in the courts of the United States.

*Id.* Thus, a district court maintains jurisdiction over such a petition if the situs of the pending arbitration is within its jurisdiction. The situs of the pending arbitration is not disclosed in the Petition in this case. The subpoena issued by the arbitrator, attached to the Petition, does not clarify this jurisdictional matter, as it was signed in Washington, D.C. and states below the caption "[f]rom the People of the State of Virginia." As a result, it is unclear whether this Court has jurisdiction to consider the Petition.

 Even assuming this Court has proper jurisdiction over the Petition, however, the Fourth Circuit has squarely held that "a federal court may not compel a third party to comply with an arbitrator's subpoena for prehearing discovery, absent a showing of special need or hardship."[1]

---

1. The Eighth Circuit takes a different approach, at least with respect to the production of documents. *See In re Security Life Ins. Co. of America*, 228 F.3d 865, 870–71 (8th Cir. 2000) ("We thus hold that implicit in an arbitration panel's power to subpoena relevant documents for production at a hearing is the power to order the production of relevant documents for review by a party prior to the hearing."). It appears that no other circuits have squarely addressed this issue, although a few district courts have. *See, e.g., Hay Group, Inc. v. E.B.S. Acquisition Corp.*, 2003 WL 21293861 (E.D.Pa. Mar.4, 2003) ("If Section 7 of the FAA is flexible enough to allow for pre-hearing production in a 'special need' situation, it is flexible enough to allow for pre-

*COMSAT Corp. v. Nat'l Science Foundation,* 190 F.3d 269, 278 (4th Cir.1999). In this regard, the Fourth Circuit noted that "[n]owhere does the FAA grant an arbitrator the authority to order non-parties to appear at depositions, or the authority to demand that non-parties provide the litigating parties with documents during pre-hearing discovery." *Id.* at 275. It is clear that "[b]y its own terms, the FAA's subpoena authority is defined as the power of the arbitration panel to compel non-parties to appear 'before them;' that is, to compel testimony by non-parties at the arbitration hearing." *Id.*

The Petition does not include the requisite showing of special need or hardship. While the Fourth Circuit has yet to define the contours of the "special need" exception, it has observed that "at a minimum, a party must demonstrate that the information it seeks is otherwise unavailable." *Id.* at 276. Moreover, it is clear that a petitioner's "special need" must be more than simply a general desire to conduct discovery, as "[a] hallmark of arbitration—and a necessary precursor to its efficient operation—is a limited discovery process." *Id.* Thus, there does not appear to be any special need or hardship in this case, as the FAA certainly empowers the arbitrator to issue a subpoena requiring respondent to testify at the arbitration hearing.

Accordingly, for the reasons stated and for good cause,

It is **ORDERED** that the Petition to Compel Attendance of a Witness at a De-

position in Connection with an Arbitration Proceeding is **DENIED**.

It is further **ORDERED** that the Clerk is **DIRECTED** to remove this matter from the docket for Friday, February 13, 2004 and to place this matter among the ended causes.

The Clerk is further directed to send a copy of this Order to respondent and all counsel of record.

hearing production of documents when the arbitrators believe that it is appropriate without the federal court holding a hearing to determine 'special need' in every case."); *Integrity Ins. Co. v. American Centennial Ins. Co.,* 885 F.Supp. 69, 71 (S.D.N.Y.1995) ("[T]his Court concludes that an arbitrator does not have the authority to compel nonparty witnesses to appear for pre-arbitration depositions."); *Meadows Indemnity Co. Ltd. v. Nutmeg Ins. Co.,* 157 F.R.D. 42, 45 (M.D.Tenn.1994) ("The power of the [arbitration] panel to compel production of documents from third parties for the purposes of a hearing implicitly authorizes the lesser power to compel such documents for arbitration purposes prior to a hearing."); *Stanton v. Paine Webber Jackson & Curtis Inc.,* 685 F.Supp. 1241, 1242–43 (S.D.Fla.1988) (FAA permits prehearing document production from non-parties).